JS - 6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LCAP ADVISORS, LLC, ET AL.,** | **CASE NO. SACV 11-380 AG (MLGx)** |
| **Plaintiffs,** | **ORDER REMANDING CASE** |
| **v.** | |
| **PENRITH GROUP, INC., ET AL.** | |
| **Defendants.** | |

Plaintiffs LCAP Advisors ("LCAP"), Anand Narayanan ("Narayanan"), and Sanjay Raghavan ("Raghavan") (together, "Plaintiffs") filed this lawsuit in state court seeking relief under state law, and they included as defendants California citizens Carl Meiswinkel ("Meiswinkel") and P360 Inc. ("P360"), who would defeat federal diversity jurisdiction. *See* 28 U.S.C. § 1332. Regardless, Defendants Penrith Group ("Penrith"), Meiswinkel, and P360 (together, "Defendants"), removed the case to federal court, arguing that Meiswinkel and P360 are merely sham defendants that must be disregarded, thus permitting diversity jurisdiction. This

argument, that the plaintiff fraudulently joined the only non-diverse party, is increasingly being made in federal courts. *See* E. Farish Percy, *Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder,* 91 Iowa L. Rev. 189, 191 (2005) ("The fraudulent joinder doctrine has played an increasingly frequent and critical role in determining whether many civil cases will be litigated in state court or federal court."); *see also id.* at 192 ("[L]itigants continually wage forum selection battles in hundreds of cases that are removed to federal courts each year based on allegations of fraudulent joinder."). But as the prevalence of this argument grows, so does its misuse.

Attorneys pleading cases in California courts often seek to broadly join defendants involved in the transaction or occurrence. This may or may not be a good strategy. Weil & Brown, Cal. Prac. Guide: Civ. Pro. Before Trial (Rutter 2009), ¶ 2:206. But even a bad strategy is not necessarily a sham.

As noted, Defendants removed the case to this Court on the basis of diversity jurisdiction, asserting that defendants Meiswinkel and P360 are merely sham defendants and should not be joined. After removal, this Court issued an Order to Show Cause ("OSC") as to why this case should not be remanded for lack of jurisdiction. Defendants filed a response ("Response") to the OSC, and Plaintiffs filed an opposition to the Response ("Opp'n").

After reviewing the arguments and papers submitted, the Court finds that federal jurisdiction does not exist over this matter. This case is REMANDED to Orange County Superior Court.

**BACKGROUND**

The following factual overview is taken primarily from Plaintiffs' Complaint. Plaintiffs Narayanan and Raghavan have developed various proprietary computer models for pricing and risk assessment of loan pools. (Complaint ¶ 10.) Defendant Meiswinkel was the president and a former owner of Defendant Penrith Group. (Response at 2:3-5.) Defendant P360 is a separate corporation that was formed by Meiswinkel to conduct future business ventures. (Response at

2:1-3.)

In March 2010, Plaintiffs and Defendants entered into an agreement where Plaintiffs would use their computer models to perform portfolio risk assessment for Defendants.  (*Id.* ¶ 14.)  Specifically, Defendants would obtain portfolio data from their Defendants' clients, and Plaintiffs would use their computer models to perform price and risk assessment on these portfolios.  (*Id.* ¶ 15.)

Defendants agreed to pay Plaintiffs approximately two-thirds of the total billings by Defendants to Defendants' clients.  (*Id.* ¶ 16.)  Defendants initially paid Plaintiffs for their services, but Defendants stopped paying beginning in September 2010.  (*Id.*)  Based on these factual allegations and others, Plaintiffs' bring claims against Defendants for breach of contract and for services rendered.  Since all of Plaintiff's claims arise under California law and Plaintiff is a California citizen, federal jurisdiction is defeated here only by including Meiswinkel or P360 as a defendant, as they are the only California defendants.  As noted, Defendants removed, asserting that Meiswinkel and P360 are merely sham defendants that should not be joined.

**ANALYSIS**

While Defendants acknowledge that Meiswinkel and P360 are California citizens, Defendants argue that federal diversity jurisdiction is proper in this case because: (1) Meiswinkel and P360 are sham defendants and should not be considered in establishing diversity; (2) the remaining defendant is not a California citizen; and (3) the amount in controversy exceeds $75,000.  The Court finds that Defendants have failed to establish that Meiswinkel and P360 are sham defendants and therefore holds that federal jurisdiction is improper.

Federal courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.  Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant.  *Exxon Mobil Corp. v. Allapattah Servs.,*

1   *Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); *Owen*

2   *Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375 (1978)).  To protect the jurisdiction of

3   state courts, removal jurisdiction should be strictly construed in favor of remand.  *Harris v.*

4   *Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp.*

5   *v. Sheets*, 313 U.S. 100, 108-09 (1941)).  "Federal jurisdiction must be rejected if there is any

6   doubt as to the right of removal."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal

7   citation omitted).  "Th[is] 'strong presumption' against removal jurisdiction means that the

8   defendant always has the burden of establishing that removal is proper."  *Id.* (citations omitted).

9        But removal is proper despite the presence of a non-diverse defendant where that

10   defendant is a fraudulently joined or sham defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S.

11   61, 68 (1996); *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1160 (C.D. Cal. 2009).  In the

12   Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed

13   questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's

14   favor, the plaintiff could not possibly recover against the party whose joinder is questioned.

15   *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).  The failure to state a

16   claim against the non-diverse defendant must be "obvious according to the well-settled rules of

17   the state."  *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).  Here,

18   Defendants have failed to meet their burden of establishing that Meiswinkel and P360 are sham

19   defendants, particularly in light of the "strong presumption against removal jurisdiction."  *Gaus,*

20   980 F.2d at 566.

21        As noted, Plaintiffs assert claims against Meiswinkel and P360 breach of contract and for

22   services rendered.  Defendants argue that liability against Meiswinkel and P360 are precluded as

23   a matter of law.  Specifically, Defendants argue that "Plaintiffs allege in bare conclusory terms

24   the existence of a contract between Plaintiffs and all defendants.  However, the invoices attached

25   to the Complaint . . . make clear that Plaintiffs understood that any agreement was with Penrith

26   only, not Meiswinkel or P360, Inc."  (Response at 3:18-21.)

27        Although the basis for a removability determination is generally limited to the plaintiff's

28   pleadings, where fraudulent joinder is an issue the Court may look beyond the pleadings.

1    *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998). "For example, a defendant

2    must have the opportunity to show that the individuals joined in the action cannot be liable on

3    any theory." *Id.* "Th[is] approach is reasonable and necessary," *id.*, particularly given the

4    "strong presumption against removal jurisdiction," *Gaus,* 980 F.2d at 566, and the state court

5    practice of broadly pleading and amending, Weil & Brown, Cal. Prac. Guide: Civ. Pro. Before

6    Trial (Rutter 2009), ¶ 2:206. Thus, a defendant seeking removal based on an alleged fraudulent

7    joinder must do more than show that the complaint at the time of removal fails to state a claim

8    against the non-diverse defendant. *Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006

9    WL 2038040, at *2 (N.D. Cal. July 19, 2006) (citing *Nickelberry v. DaimlerChrysler Corp.*, No.

10   C-06-1002 MMC, 2006 WL 997391, at *1-2 (N.D. Cal. Apr. 17, 2006)). As noted, the

11   defendant must in fact show that "there is no possibility that the plaintiff could prevail on any

12   cause of action it brought against the non-diverse defendant." *Id.* at *1. Remand must be

13   granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his

14   complaint to cure [the] purported deficiency." *Id.* at *2.

15        Here, Defendants fail to make the necessary showing. First, Defendants' arguments for

16   remand are largely based on the premise that no contract existed between Plaintiffs and either

17   Meiswinkel or P360. But Defendants have not properly established this. In fact, a dispute exists

18   concerning what individuals and entities were parties to the various contracts and dealings

19   between the parties. (*E.g.*, Opp'n at 3:23-26 (citing Narayanan Decl., Ex. 4).) If it is eventually

20   determined that either Meiswinkel or P360 entered into contracts with Plaintiffs, liability could

21   clearly be established against either of them for breach of contract or for services rendered.

22        Further, even if Plaintiffs cannot show that Meiswinkel individually entered into contracts

23   with Plaintiffs, this still would not preclude all possible claims against Meiswinkel. The parties

24   do not dispute that Meiswinkel was at the center of all contracts and dealings between Plaintiffs

25   and Defendants. Based on Meiswinkel's direct, continuous dealings with Plaintiffs, and his

26   relationship with both Penrith and P360, Meiswinkel could potentially be liable to Plaintiffs on

27   numerous potential claims. This is especially so if Plaintiffs can eventually support their

28   allegations that Penrith is the alter ego of its former owner and president, Meiswinkel.

Similarly, regarding P360, Plaintiffs produce admissible evidence that P360 was directly involved in various communications and dealings in this matter.  (*E.g.*, Narayanan Decl., Ex. 4, 5.)  Given P360's close involvement in the dealings at issue here, the Court cannot conclude that Plaintiffs could not possibly prevail against P360 on any claim.

Defendants make various arguments concerning why Meiswinkel and P360 cannot be held liable to Plaintiffs, including arguments that Plaintiffs' complaint is not sufficiently supported by factual allegations.  But at this stage, these arguments do not show that "there is no possibility that the plaintiff could prevail on any cause of action" against Meiswinkel or P360. *Burris*, 2006 WL 2038040 at *2.  Plaintiff's arguments are therefore more appropriately made in a state-court demurrer or a motion for summary judgment.

In sum, this Court cannot make the very serious finding that Meiswinkel and P360 are fraudulently joined or sham defendants.  "The words 'fraud' and 'sham' imply a degree of chicanery or deceit, and a state-court plaintiff following a common strategy of pleading broadly does not engage in a fraud or sham.  *Padilla* 697 F. Supp. 2d at 1160.  And given Meiswinkel's employment as the president and an owner of Penrith, and P360's involvement in various dealings here, Defendants have not shown "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant[s]."  *Burris*, 2006 WL 2038040 at *2; *see also*, *e.g.*, *Maher*, 2007 U.S. Dist. LEXIS 58984 at *13 (defendant failed to show that it was "obvious" that the plaintiff had failed to state a claim against the defendant pharmaceutical distributor under settled California law, and defendant had not met its "heavy burden" of showing fraudulent joinder); *Aaron v. Merck & Co.*, No. 05-4073 JFW, 2005 U.S. Dist. LEXIS 40745, at *5-6 (C.D. Cal. July 26, 2005) (defendant failed to meet heavy burden of demonstrating that there is no possibility that plaintiffs will be able to prevail); *Black v. Merck & Co.*, No. 03-8730 NM, 2004 U.S. Dist. LEXIS 29860, at *13-14 (C.D. Cal. Mar. 3, 2004) (same).  Thus, denying federal diversity jurisdiction in this case, where Plaintiff seeks to include the former president and owner of a company in a case involving breach of contract, "is consistent with the Founders' intent in establishing diversity jurisdiction for limited circumstances."  *Padilla*, 697 F. Supp. 2d at 1160.

## DISPOSITION

Defendants have not met their burden of establishing that Meiswinkel and P360 are sham defendants and that removal to federal court is proper. *See Kruso*, 872 F.2d at 1426; *Gaus*, 980 F.2d at 566.  Therefore this action is REMANDED to Orange County Superior Court.

IT IS SO ORDERED.

DATED: April 11, 2011

_____
Andrew J. Guilford
United States District Judge